————————o————————

No. 6830.

## MARTIN SHEPARD v. CHARLES M. HERO.

### Syllabus.

Where an architect is to be paid a commission on the cost of a building, the true cost of the building is meant, not including the loss which the owner may have suffered by reason of the default of a contractor, which adds nothing to the value of the building.

Appeal from the Civil District Court, Parish of Orleans, No. 103,772, Division "D," Honorable PORTER PARKER, Judge. Reversed.

Frank McGloin, J. B. Rosser, Jr., and Fernand F. Teissier, for plaintiff and appellant.

F. Rivers Richardson, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This case was here first on an exception of no cause of action and the case is stated in our opinion on that exception reported in 11 *Court of Appeal p.* 340. It is now before us on the merits.

The whole controversy hinges on a single question of fact, to-wit, whether or not defendant insisted upon plaintiff consenting to the erection of a certain gallery or porch, contrary to correct principles of architecture and in violation of the building laws of this city.

The evidence is simply overwhelming that defendant did so insist; that he wanted plaintiff to build a porch of concrete, with mere wire laths for reinforcement, and these too short to furnish any support whatever to the concrete; that plaintiff thereupon left the work; that defendant did the work himself, and that the work so done was utterly condemned by the municipal authorities, who required defendant to remodel the work, which would have fallen by its own weight but for such remodeling.

We are of opinion that plaintiff was fully justified in quitting the work under the circumstances, and is entitled to the compensation which he would have earned had he not been interfered with.

As to the amount of that compensation we find that the price agreed upon was to be 8% of the cost of the building; and that by the contracts which defendant had the building should have cost $5891.32, so the plaintiff's commission should be $471.28.

The fact that one of the contractors defaulted and on that account defendant had to disburse several hundred dollars in excess of the estimated cost, does not entitle plaintiff to a commission on that excess; since that was simply a matter of loss to defendant and added nothing to the value or true cost of the building.

Nor do we think that plaintiff's rights are in any way to be affected by the fact that he refused to return to the job, after defendant under compulsion from the city authorities finally did the work, in a proper way. Plaintiff's

128

rights were fixed when he was actively interfered with, and no subsequent event could affect those rights.

In reconvention defendant claims $245 for the cost of repairing a cellar said to have been improperly constructed under the supervision of plaintiff.

The evidence is somewhat conflicting as to whether or not plaintiff did actually supervise and approve the construction of this cellar; but, be that as it may, the evidence fails to show the nature of the fault in construction, whether in work or in material, beyond the fact that there was leaking; nor is there anything to show that the $240 was properly expended to repair those faults, or why the contractor who did that work was not called upon to repair the defects at his own cost.

In our opinion, the reconventional demand is simply an afterthought for the purpose of defeating plaintiff's claim, and is without merit whatever.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff, Martin Shepard, have judgment against defendant, Charles M. Hero, for the full sum of four hundred and seventy-one dollars and twenty-eight cents ($471.28) with legal interest from judicial demand until paid and the costs of both courts, and that the reconventional demand of the defendant be rejected at his cost in both courts.

Opinion and decree December 18th, 1916.

Rehearing refused January 9th, 1917.

Opinion overruling exception of no cause of action reported in *XI, Court of Appeal, p.* 340.